```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
 2         BEFORE THE HONORABLE KENT J. DAWSON, DISTRICT JUDGE

 3

 4  UNITED STATES OF AMERICA,         :
                                      :
 5          Plaintiff,                :
                                      :No. 2:17-cr-00064-KJD-GWF
 6      vs.                           :
                                      :
 7  JACK WILLIAM MORGAN (1),          :
    SAMUEL BROWN (2),                 :
 8                                    :
            Defendants.               :
 9  _____ :

10

11
                      TRANSCRIPT OF CALENDAR CALL
12

13                         April 18, 2017

14
                           Las Vegas, Nevada
15

16

17

18   FTR No. 4A/20170418 @ 9:20 a.m.

19

20
    Transcribed by:        Donna Davidson, CCR, RDR, CRR
21                         (775) 329-0132
                           dodavidson@att.net
22

23

24

25   (Proceedings recorded by electronic sound recording,
     transcript produced by mechanical stenography and computer.)
```

TRANSCRIBED FROM DIGITAL RECORDING

A P P E A R A N C E S

FOR THE PLAINTIFF:

SUSAN CUSHMAN
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89436
(702) 388-6311
susan.cushman@usdoj.gov


FOR DEFENDANT MORGAN:

PAUL RIDDLE
Assistant Federal Public Defender
411 East Bonneville Avenue
Suite 250
Las Vegas, Nevada 89101
(702) 388-6577
ECF_Vegas@fd.org


FOR DEFENDANT BROWN:

JOSHUA TOMSHECK
Hofland & Tomsheck
228 South Fourth Street
Las Vegas, Nevada 89101
(702) 895-6760
Fax: (702) 731-6910
jtomsheck@hoflandlaw.com

1    LAS VEGAS, NEVADA, APRIL 18, 2017, 9:20 A.M.
2    --oOo--
3    P R O C E E D I N G S
4
5    COURTROOM ADMINISTRATOR: The next matter is
6    United States of America versus Jack William Morgan and
7    Samuel Brown, case number 2:17-CR-0064-KJD-CWF.
8    Counsel, please note your appearance for the
9    record.
10    MS. CUSHMAN: Good morning, Your Honor. Susan
11    Cushman for the United States.
12    THE COURT: Thank you.
13    MR. RIDDLE: Good morning, Your Honor. Paul
14    Riddle on behalf of Jack Morgan, who is present and in
15    custody.
16    THE COURT: Thank you.
17    MR. TOMSHECK: Good morning, Your Honor. Josh
18    Tomsheck on behalf of Defendant Brown, who is present and
19    in custody.
20    THE COURT: Okay. Thank you.
21    This is on the next trial stack. What is the
22    status of the case?
23    MR. RIDDLE: Judge, I met with my client,
24    Mr. Morgan, late last week, and last week he indicated to
25    me that he would like to make a motion to this Court to

1   represent himself.
2          And he would also like to exercise his speedy
3   trial right.
4          THE COURT:  Okay.  What is the must be tried
5   date on this?  Do you know, Mr. Riddle?
6          MR. RIDDLE:  I'm sorry.  I'm not sure, Your
7   Honor.
8          THE COURT:  The courtroom administrator is
9   checking.
10         COURTROOM ADMINISTRATOR:  May 3rd, Your Honor.
11         THE COURT:  May 3rd.  Well that's coming up
12  pretty quickly here.  This case has been pending since
13  early this year is all.  Usually we see a lot more time and
14  investigation going into the defense.
15         I'm not going to go into the reasons why
16  Mr. Morgan wants to represent himself, at least not in an
17  open proceeding.  So what we're probably going to do is
18  trail this until the end of the calendar this morning so we
19  can clear the courtroom conveniently.
20         Mr. Tomsheck, are you ready to go to trial, or
21  are you willing to agree to a continuance?
22         MR. TOMSHECK:  Judge, it has always been my
23  preference that we would stipulate to a continuance.
24  Obviously with the situation with Mr. Morgan, we can't do
25  that.

———TRANSCRIBED FROM DIGITAL RECORDING———

1        We are not prepared to go to trial.  I would be
2  ineffective if we went to trial next week. My client's
3  aware of that.  We discussed that at length.
4        THE COURT:  And do you agree with the
5  representations of your attorney?
6        DEFENDANT BROWN:  Uh-huh.
7        THE COURT:  Is that yes?
8        DEFENDANT BROWN:  Yes.
9        THE COURT:  Okay.  Well, let's trail this.  I --
10 do you have other cases you need to attend to this morning,
11 Mr. Riddle?
12       MR. RIDDLE:  I believe they've all been placed
13 on another day.
14       THE COURT:  Okay.  All right.
15       MR. RIDDLE:  Thank you.
16       THE COURT:  All right.  We'll trail, see what we
17 can figure out after we hear these sentencings and change
18 of plea.  Probably be about an hour, if you want a rough
19 timeline to be back.
20       MR. RIDDLE:  Thank you, Your Honor.
21       MR. TOMSHECK:  Thank you, Your Honor.
22       THE COURT:  Thank you.
23    (Recess from 9:23 a.m. until 10:36 a.m.)
24       COURTROOM ADMINISTRATOR:  This is the
25 continuation of calendar call, United States of America

─── TRANSCRIBED FROM DIGITAL RECORDING ───

1    versus Jack William Morgan and Samuel Brown, case number
2    2:17-CR-0064-KJD-CWF.
3              Counsel, please note your appearance for the
4    record.
5              MS. CUSHMAN:  Good morning, Your Honor.  Susan
6    Cushman for the United States.
7              MR. RIDDLE:  Good morning, Your Honor.  Paul
8    Riddle for Jack Morgan.  He's is present and in custody.
9              THE COURT:  Thank you.
10             MR. TOMSHECK:  Good morning, Your Honor.  Josh
11   Tomsheck on behalf of Defendant Brown, present in custody.
12             THE COURT:  Thank you.  Please be seated.
13             Mr. Morgan, you have previously stated, at least
14   your attorney has stated, that you may want to represent
15   yourself.
16             Is that because you feel that you're
17   dissatisfied with Mr. Riddle, or is that just your belief
18   that you can better represent yourself?
19             DEFENDANT MORGAN:  It's my belief that I can
20   better represent myself.
21             THE COURT:  Okay.  Have you ever studied law?
22             DEFENDANT MORGAN:  No, I haven't.
23             THE COURT:  Have you ever represented yourself
24   in a criminal action?
25             DEFENDANT MORGAN:  No, I have not had a

1   criminal --
2            THE COURT:  I'm sorry?
3            DEFENDANT MORGAN:  I have not had a criminal
4   action.
5            THE COURT:  Okay.  You haven't even had a
6   parking or a traffic ticket?
7            DEFENDANT MORGAN:  Parking ticket.
8            THE COURT:  All right.  Have you an
9   understanding that you are charged with kidnapping and
10  conspiracy?
11           DEFENDANT MORGAN:  I was aware of only the
12  kidnapping.
13           THE COURT:  Is there a conspiracy charge here?
14           MS. CUSHMAN:  Yes, Your Honor.  It's a two-count
15  indictment.  Count 1 charges conspiracy to commit
16  kidnapping, and Count 2 charges kidnapping.
17           THE COURT:  Thank you.
18           Do you understand that if you're found guilty of
19  these charges, the Court can impose a sentence of 20 years
20  on the kidnapping and as much to life --
21           MS. CUSHMAN:  That's correct.
22           THE COURT:  -- on the conspiracy charge?
23           DEFENDANT MORGAN:  That's correct.
24           THE COURT:  Huh?
25           DEFENDANT MORGAN:  That's correct, yes.

1   THE COURT: Okay. There is a special assessment
2   of $100 per count if you're found guilty, and also there is
3   a fine of up to $250,000 per count on the fine aspect of
4   any sentence.
5   Are you aware of that?
6   DEFENDANT MORGAN: Yes.
7   THE COURT: Are you aware that if you are
8   convicted of both counts, the Court can sentence you to
9   consecutive time?
10  DEFENDANT MORGAN: What does that mean?
11  THE COURT: Consecutive means you serve one
12  sentence and then, when that's up, you serve the other
13  sentence.
14  DEFENDANT MORGAN: I understand.
15  THE COURT: All right. Are you aware of the
16  sentencing guidelines?
17  DEFENDANT MORGAN: I am not.
18  THE COURT: The sentencing guidelines must be
19  taken into consideration by the Court. They are advisory,
20  but sentencing guidelines give courts direction on
21  sentences that may be imposed. Although they are advisory,
22  they are taken into consideration.
23  The sentencing guidelines are a complicated
24  matter. The Court does receive a presentence investigation
25  report which makes recommendations with respect to the

1  sentence to be imposed.
2          The attorneys who deal with federal law are
3  familiar with the guidelines, and it does take some
4  considerable experience to be able to understand the
5  guidelines.
6          If you represent yourself, you are on your own.
7  I cannot tell you, or even advise you, how you should try
8  your case.
9          Are you aware of that?
10         DEFENDANT MORGAN:  I am aware.
11         THE COURT:  Are you familiar with the Federal
12 Rules of Evidence?
13         DEFENDANT MORGAN:  I am not.
14         THE COURT:  All right.  The rules of evidence
15 govern what evidence may or may not be introduced into a
16 trial.
17         In representing yourself, you must abide by
18 those very technical rules.  And they will not be relaxed
19 for your benefit.
20         Are you aware of that?
21         DEFENDANT MORGAN:  I am.
22         THE COURT:  Are you familiar with the Federal
23 Rules of Criminal Procedure?
24         DEFENDANT MORGAN:  I am not.
25         THE COURT:  Similarly, these are the rules that

1   govern the way a criminal trial is handled in federal
2   court, and you are bound by those rules, and they will not
3   be relaxed for your benefit.
4             Are you aware of that?
5             DEFENDANT MORGAN:  I am.
6             THE COURT:  I must advise you that, in my
7   opinion, a trained lawyer would defend you far better than
8   you could do on your own.  I think it is unwise for you to
9   try to represent yourself, given the fact that you're not
10  familiar with the law, the rules of evidence, the rules of
11  criminal procedure; and I strongly urge you to not try to
12  represent yourself.
13            Now, in light of the penalties that you might
14  suffer if you are found guilty, and in light of all the
15  difficulties of representing yourself, do you still desire
16  to represent -- represent yourself and to give up your
17  right to be represented by a lawyer?
18            DEFENDANT MORGAN:  I do.
19            THE COURT:  All right.  Are you aware that if
20  Mr. Riddle is appointed as stand-by counsel, he will not be
21  able to practice law, that is, you'll speak for yourself?
22  He may be able to answer some questions, but he'll not be
23  allowed to prepare pleadings for you.
24            Are you aware of all of that?
25            DEFENDANT MORGAN:  I am aware.

TRANSCRIBED FROM DIGITAL RECORDING

1  THE COURT: All right. Does the government
2  request further canvassing for purposes of
3  self-representation?
4  MS. CUSHMAN: No, Your Honor. Thank you.
5  THE COURT: Mr. Riddle, are you willing to act
6  as stand-by counsel if the Court orders the defendant to
7  pro se status?
8  MR. RIDDLE: Your Honor, I would ask that the
9  Court appoint me as advisory counsel.
10  It's been the position of my office that we
11  prefer to be appointed as advisory counsel because if we --
12  if my client pursues a defense that perhaps I might find
13  unethical if I were called upon to take over that defense
14  during trial, it would be difficult to place me into that
15  situation.
16  So we ask that we be advisory only, that we can
17  offer advice if he gets into a bind, but that we not be
18  called upon --
19  THE COURT: Okay.
20  MR. RIDDLE: -- to actually take over a case.
21  THE COURT: Certainly I can understand the
22  reasoning for that. Thank you.
23  Are you deciding to represent yourself without
24  any force or coercion from others?
25  DEFENDANT MORGAN: Absolutely.

1   THE COURT: Is your decision entirely voluntary?
2   DEFENDANT MORGAN: Entirely.
3   THE COURT: I find that the defendant has
4   knowingly and voluntarily waived the right to counsel. I
5   will, therefore, permit the defendant to represent himself.
6   The request of the Federal Public Defender to
7   have any assignment be as advisory counsel is granted.
8   Now, the next question is the trial date. The
9   defendant has requested to enforce his speedy trial right.
10  That would necessitate a trial in early May. So he has a
11  codefendant who is willing to stipulate to a continuance.
12  Mr. Morgan, as I pointed out earlier, in the
13  usual course of things, defendants ask for investigators to
14  be appointed.
15  I'm assuming that has not been done at this
16  point, Mr. Riddle, or has it?
17  MR. RIDDLE: Your Honor, I have engaged in some
18  investigation on my own. But I have not had an actual
19  investigator appointed yet to work with me on this case. I
20  did not anticipate going to trial next week.
21  THE COURT: All right. And you advised --
22  you've advised Mr. Morgan of the need for further
23  preparation if you were to be his counsel?
24  MR. RIDDLE: We have discussed that, Your Honor,
25  yes.

TRANSCRIBED FROM DIGITAL RECORDING

1         THE COURT:  All right.

2         So, Mr. Morgan, I will advise you you're

3 foregoing a lot of preparation that is normally part and

4 parcel of serious charges like this.

5         Are you still insisting on speedy trial?

6         DEFENDANT MORGAN:  Yes, sir.

7         THE COURT:  Mr. Tomsheck, what is your position?

8 You can't be ready?  Is that --

9         MR. TOMSHECK:  I can avail to the Court, I can't

10 be close to be ready.  And I've discussed that with my

11 client.

12         My client did not grow up in this jurisdiction.

13 Obviously, as Your Honor is aware from the allegations, it

14 involves multiple jurisdictions and the apprehension of my

15 client and her codefendant.  There's a lot of investigation

16 that needs to be done.

17         I have had an investigator appointed to the

18 case, and the investigation is very preliminary as to what

19 we believe we need to do to be effective at trial.

20         Obviously these charges are very serious.

21         And Your Honor is correct, I'm not ready to go

22 next week or, I'll tell the Court now, would I be ready in

23 early May.

24         THE COURT:  I'm sorry.  I didn't hear the last.

25         MR. TOMSHECK:  I would not be ready in early May

TRANSCRIBED FROM DIGITAL RECORDING

1   either.
2           THE COURT: All right.
3           Ms. Cushman, the government's position?
4           MS. CUSHMAN: There has been no motion for
5   severance, and I'm not willing to split these defendants.
6           THE COURT: Okay. So that means that the Court
7   has to -- in order to order a continuance of the trial
8   date, needs to issue a formal order regarding the necessity
9   for the delay.
10          So we'll set it for -- what is the date again in
11  May, Ms. Clerk?
12          COURTROOM ADMINISTRATOR: I have a date for May.
13          Calendar call would be May 16, with trial
14  May 22nd.
15          THE COURT: Is that the -- is that within the
16  must be tried? What is our date in May?
17          MS. CUSHMAN: I thought must be tried was
18  May 3rd.
19          COURTROOM ADMINISTRATOR: Let me check. Hold
20  on.
21          THE COURT: Yeah, that's --
22          MR. RIDDLE: Further, it was announced as
23  May 3rd, Your Honor.
24          THE COURT: Well, that won't work, Ms. Clerk.
25          COURTROOM ADMINISTRATOR: Okay.

TRANSCRIBED FROM DIGITAL RECORDING

1   THE COURT: What's our first stack in May? The
2   1st or the 2nd or --
3   COURTROOM ADMINISTRATOR: That's coming up.
4   Actually, calendar call is for May 2nd, with trial May 8th.
5   THE COURT: That still won't do it.
6   COURTROOM ADMINISTRATOR: That would be our next
7   stack.
8   THE COURT: All right. Well, we need to -- we
9   need to start -- we'll do a calendar call on April 25th.
10  COURTROOM ADMINISTRATOR: Okay.
11  THE COURT: And trial will be -- will commence
12  May 1st.
13  COURTROOM ADMINISTRATOR: 1st.
14  THE COURT: Just so we have a trial setting.
15  But I'm going to prepare an order that will supersede those
16  dates.
17  All right. Anything further?
18  MS. CUSHMAN: No, thank you.
19  MR. RIDDLE: Thank you, Your Honor.
20  THE COURT: Thank you.
21  MR. TOMSHECK: Thank you, Your Honor.
22  (The proceedings concluded at 10:48 a.m.)
23  * * *
24
25

```
 1                          -o0o-

 2        I certify that the foregoing is a correct

 3        transcript from the electronic sound recording

 4        of the proceedings in the above-entitled matter.

 5

 6        [signature: Donna Davidson]              12/6/17

 7        Donna Davidson, RDR, CRR, CCR #318       Date
          Official Reporter
```